THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY MARVIN BISHOP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-13-171-D |
| | ) | |
| STATE OF OKLAHOMA, *ex rel.* | ) | |
| DEPARTMENT OF HUMAN | ) | |
| SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's motion [Doc. No. 12] to remand this action to the District Court of Oklahoma County. The action was originally filed in the Oklahoma County District Court, and was timely removed by Defendants on the grounds that this Court has subject matter jurisdiction because a federal question is presented. Plaintiff then moved to remand, Defendants timely objected, and Plaintiff filed a reply.

In this action, Plaintiff alleges that, while a minor in the custody of the Oklahoma Department of Human Services ("DHS"), he was placed in foster care, where he was subjected to physical and sexual abuse by his foster parent.[1] He asserts a claim based on 42 U. S. C. § 1983, alleging that Defendant DHS employees Kristin Kyle-Moon, Robyn Singleton Szuba, and other DHS employees, identified as Jane Does, violated his civil rights in connection with their decisions regarding Plaintiff's placement with the foster parent, their failure to monitor and investigate that foster parent, and their failure to protect Plaintiff. Amended Complaint at ¶¶ 33-38. Plaintiff also

---

[1] According to Plaintiff's allegations, the foster parent was ultimately convicted of numerous criminal charges related to his abuse of foster children placed in his care, and he was sentenced to four life sentences plus 390 years, to be served consecutively. Amended Complaint ¶ 24.

asserts a tort claim against DHS pursuant to Okla. Stat. tit. 51, § 154, alleging that DHS breached its statutory duties with regard to Plaintiff's foster care. More specifically, Plaintiff contends DHS failed to exercise ordinary care in connection with his foster care placement, failed to conduct a proper investigation prior to and during the time in which he resided in the subject foster home, and failed to train and supervise the employees who were responsible for implementing DHS policies regarding Plaintiff. Amended Complaint at ¶¶ 26-30. Plaintiff's third claim for relief is based on *Bosh v. Cherokee County Building Authority*, __ P.3d __, 2013 WL 519897 (Okla. Feb. 12, 2013).[2] Relying on *Bosh,* he asserts a claim against DHS based on the alleged use of excessive force against him while he was in foster care. Amended Complaint at ¶ 46-47.

In his motion to remand, Plaintiff does not argue that this Court lacks subject matter jurisdiction, and he concedes that he asserts a federal claim pursuant to 42 U. S. C. § 1983. Nor does Plaintiff contend the removal was procedurally defective. Instead, Plaintiff asks the Court to remand because *Bosh* is a recent decision, and he contends its application is best determined by the state courts. Although continuing to pursue his § 1983 claim, he argues that his *Bosh* claim and common law tort claim represent the primary focus of his lawsuit, and contends these claims should be adjudicated in state court. If the Court denies his motion to remand, Plaintiff asks the Court to stay this action pending the publication release of *Bosh.*

Defendants oppose both the motion to remand and the alternative request for a stay. As

---

[2]In *Bosh*, the Oklahoma Supreme Court held that, under the Oklahoma Constitution, an individual has a private cause of action in tort against a state or municipal prison facility on a theory of *respondeat superior* where an employee of the entity exerts unconstitutional excessive force against the individual. The Court held that the entity may be liable for the conduct of its employees, notwithstanding the statutory immunities in the Oklahoma Governmental Tort Claims Act. *Bosh,* 2013 WL 519897, at *5. The Court also held that its decision applies retroactively. *Id.,* at *6.

Defendants point out in their response brief, Plaintiff offers no legal authority supporting remand under these circumstances.

Motions to remand following removal of a case to federal court are governed by 28 U. S. C. § 1447(c). According to the statute, where a case has been removed, a plaintiff may seek remand on grounds that the Court lacks subject matter jurisdiction or that removal was procedurally defective. 28 U. S. C. § 1447(c); *Archuleta v. Lacuesta*, 131 F. 3d 1359, 1363-1364 (10th Cir.1997) (Baldock, J., dissenting). District courts do not have the authority to remand an action on grounds "that seem justifiable to them but which are not recognized by the controlling statute." *Thermtron Products, Inc. v. Hermansdorfer*, 423 U. S. 336, 351 (1976), *abrogated on other grounds, Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). Thus, a district court "exceeds its authority if it remands a case on grounds not expressly permitted by the controlling statute." *Buchner v. F. D. I. C.*, 981 F.2d 816, 820 (5th Cir. 1993) (citing *Thermtron*, 423 U. S. at 345).

Furthermore, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush,* 517 U.S. at 716. Federal courts may, however, decline to exercise their jurisdiction in "'exceptional circumstances,' where denying a federal forum would clearly serve an important countervailing interest." *Id.* (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 821 (1976)). Although courts have recognized some exceptional circumstances in which abstaining from the exercise of federal jurisdiction may be proper, Plaintiff in this case does not identify any recognized basis for abstention under the facts presented here. He presents no legal authority to support his request that, despite the acknowledged existence of a federal question, this Court should decline to exercise its jurisdiction.

Plaintiff has offered no persuasive argument or authority that would permit the Court to

decline to exercise its jurisdiction in this case.  Accordingly, the motion to remand is DENIED.

The Court also denies Plaintiff's alternative request to stay this action until *Bosh* is released for publication.  Plaintiff offers no persuasive argument and submits no authority supporting the contention that this case should not proceed until a court decision affecting one of his three claims for relief has been published.  The Amended Complaint reflects the facts which Plaintiff contends support all asserted claims for relief, and each claim is based on the same factual allegations.  The action will proceed accordingly.

IT IS SO ORDERED this 15th day of May, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE