## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| TIMOTHY MARVIN BISHOP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-13-171-D |
| | ) | |
| STATE OF OKLAHOMA, *ex rel.* | ) | |
| DEPARTMENT OF HUMAN | ) | |
| SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is the motion to dismiss [Doc. No. 24] of Defendant State of Oklahoma,

*ex rel.* Department of Human Services ("DHS").  Pursuant to Fed. R. Civ. P. 12(b)(6), DHS argues

the Amended Complaint fails to state a plausible claim for relief on either of the counts asserted

against it.  Plaintiff timely responded to the motion, and DHS filed a reply.  DHS then sought leave

to submit supplemental authority consisting of the Honorable Joe Heaton's decision granting DHS's

motion to dismiss in *Hedger v. Kramer*, 2013 WL 5873348 (W.D. Okla. Oct. 30, 2013)

(unpublished).  The Court granted leave to submit the decision, but did not authorize additional

briefs.  Accordingly, the motion is fully briefed and at issue.

<u>Background:</u>

Plaintiff brings this action to recover damages for injuries occurring while he was in foster

care.  He alleges that, while a minor in the custody of DHS, he was placed in foster care, where he

was subjected to physical and sexual abuse by his foster parent.[1]  He asserts three claims for relief,

---

[1] Plaintiff alleges, and DHS does not dispute, that the foster parent, Marc Lewis, was convicted in 2004 of numerous criminal charges related to his abuse of foster children placed in his care, and he was sentenced to four life sentences plus 390 years, to be served consecutively.

and two of the claims name DHS as the sole defendant.  In his first claim for relief against DHS, he

seeks recovery pursuant to the Oklahoma Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit.

51, § 154, alleging that DHS failed to exercise ordinary care in connection with his foster care

placement, failed to conduct a proper investigation prior to and during the time in which he resided

in the subject foster home, and failed to train and supervise the employees who were responsible for

implementing DHS policies regarding Plaintiff.  Amended Complaint at ¶¶ 26-30.  The third claim

for relief is also asserted only against DHS, and it seeks to hold DHS liable for the conduct of

Plaintiff's former foster parent.  Expressly relying on *Bosh v. Cherokee County Building Authority*,

305 P.3d 994 (Okla.  2013),[2] he seeks to hold DHS liable on a theory of *respondeat superior*.

Amended Complaint at ¶ 46-47.  In the second claim for relief, Plaintiff asserts a 42 U. S. C. § 1983

claim against DHS employees Kristin Kyle-Moon, Robyn Singleton Szuba,[3] and several Jane Does,

alleging that they violated his civil rights.  Amended Complaint at ¶¶ 33-38.  The § 1983 claim is

not asserted against DHS.

DHS seeks dismissal of both claims asserted against it, arguing the allegations fail to state

plausible claims for relief, and it cannot be liable on the underlying theories of recovery.

Standard governing Rule 12(b)(6) motions:

To avoid dismissal pursuant to  Rule 12(b)(6), a complaint "must contain enough factual

---

Amended Complaint ¶ 24.

[2]In *Bosh*, the Oklahoma Supreme Court held that, under the Oklahoma Constitution, an individual has a private cause of action in tort against a state or municipal prison facility  on a theory of *respondeat superior* where an employee of the entity exerts excessive force against the individual. The Court held that the entity may be liable for the conduct of its employees, notwithstanding the statutory immunities in the Oklahoma Governmental Tort Claims Act.  *Bosh,* 305 P.3d at 996.

[3]Defendants Kristen Kyle-Moon and Robyn Singleton Szuba also filed a motion to dismiss [Doc. No. 26]. That motion will be addressed in a separate order.

allegations to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008).  To state a plausible claim, a plaintiff has the burden to frame a "complaint with enough factual matter (taken as true) to suggest" that he is entitled to relief.   *Robbins*,  519 F. 3d at 1247.  Although the Court must construe well-pleaded facts as true, not all allegations are "entitled to the assumption of truth," as the Court must disregard assertions in a complaint which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, and those consisting only of conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 554-555); *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Where, as here, the movant argues that the plaintiff cannot prevail on the asserted legal theory, the question is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."   *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011).  "Dismissal is appropriate if the law simply affords no relief."  *Id.*

Application:

1. Plaintiff's GTCA claim for relief against DHS:

DHS argues that Plaintiff has not stated a plausible claim for relief against it on his GTCA claim for three reasons: 1) the Amended Complaint does not contain the essential allegation that Plaintiff actually or substantially complied with the GTCA written notice requirements before filing suit on his tort claim; 2) it does not include the requisite allegation that his claim is timely filed within the period prescribed by the GTCA; and 3) even if Plaintiff had included these allegations, he cannot recover against DHS because the GTCA contains express exemptions precluding liability

for the acts and omissions underlying his claim.

 As DHS correctly argues, the GTCA requires that a person having a claim for money damages against the State or its agency submit a written claim within one year after the alleged loss occurs.  Okla. Stat. tit. 56, § 156(B).  "Substantial compliance" with the notice provisions of §156 is a condition precedent to an action under the GTCA.  *Shanbour v. Hollingsworth*, 918 P.2d 73 (Okla. 1996).  A petition or complaint "must factually allege either actual or substantial compliance" with the notice provisions in order to withstand a motion to dismiss.  *Wilborn v. City of Tulsa,* 721 P.2d 803, 805 (Okla. 1986).

The GTCA also provides that a claimant may not bring suit on the claim until it has been denied in whole or in part by the entity to which it was submitted; it is deemed denied if the entity fails to approve the claim in its entirety within ninety (90) days.  Okla. Stat. tit. 56, § 157(A).  Finally, no action for any claim arising under the GTCA may be filed in court unless "the action is commenced within one hundred eighty (180) days after denial of the claim."  *Id.* at § 157(B); *Hathaway v. State ex. rel. Medical Research & Technical Authority*, 49 P.3d 740, 743(Okla. 2002).

In this case, the Amended Complaint fails to allege any facts showing that Plaintiff complied with the GTCA notice requirements or its time limitations for asserting claims.  In his response to the motion, Plaintiff does not address this argument.  Dismissal is thus warranted on this basis.

DHS also argues that, even if Plaintiff had satisfied the pleading requirements for a GTCA claim against it, the Amended Complaint fails to state a plausible claim for relief because DHS is exempt from tort liability for the specific occurrences on which the claim is based.  As DHS argues, the GTCA contains only a limited waiver of immunity from tort liability for the State and its agencies or political subdivisions.   Okla. Stat. tit. 51, §152.1(B).  The GTCA contains 36 specific

limitations and exemptions which preclude liability for certain conduct or occurrences.  *Id.* at §155. DHS cites five specific statutory exemptions which it contends exempt it from liability for torts arising in the circumstances described in the Amended Complaint: 1) the exemption for losses resulting from the enforcement of lawful court orders, §155(3); 2) the exemption for losses resulting from enforcement of, or failure to adopt or enforce, a statute or written policy, §155(4); 3) the exemption for losses resulting from performance of, or the failure to exercise or perform, any act or service in the discretion of the State or its employees, § 155(5); 4) the exemption for losses resulting from acts or omissions of independent contractors or persons other than employees of the State, §155(18); and 5) the exemption for losses result from an act or omission of an employee in the placement of children, § 155(28).

    In his response to the motion to dismiss, Plaintiff wholly fails to address these contentions, and includes no argument disputing the application of the GTCA exemptions to his claim.  Instead, he argues that the conduct alleged in the Amended Complaint is sufficient to state a plausible claim for relief against DHS under 42 U. S. C. § 1983.  However, as DHS notes in its reply, the Amended Complaint does not assert a § 1983 claim for relief against DHS.[4]  Plaintiff's §1983 arguments have no application to the GTCA claim asserted against DHS.

    The Amended Complaint fails to state a plausible claim for relief against DHS under the GTCA, and Plaintiff offers no argument to the contrary.  Accordingly, the motion to dismiss this claim is granted.

_____

    [4]Plaintiff's original petition, filed in state court, included DHS as a defendant on his §1983 claim, but the Amended Complaint omits DHS from that claim.

2) Plaintiff's claim for relief based on *Bosh:*

The only remaining claim asserted against DHS is the third claim for relief, in which Plaintiff seeks recovery against DHS, asserting a *respondeat superior* theory of liability, for the psychological and physical abuse, including sexual abuse, to which he was subjected by his foster parent. As the basis for this claim, Plaintiff relies on the Oklahoma Supreme Court's decision in *Bosh,* which recognized a private right of action for excessive force is derived from Article II, Section 30 of the Oklahoma Constitution. More specifically, *Bosh* held that Section 30 provides a private cause of action for excessive force by a municipal employee, notwithstanding the GTCA, and that the common law theory of *respondeat superior* applies to municipal liability in such cases. *Bosh,* 305 P.3d at 1001. Additionally, the court held that its decision applies retroactively.

In this case, Plaintiff seeks to extend *Bosh* to hold DHS liable for the conduct of his foster parent in abusing him from September 4, 1998[5] until he was removed from the foster home on January 7, 2000. Amended Complaint at ¶¶ 22-23. DHS argues that he fails to state a plausible claim for relief based on *Bosh* because its underlying facts are distinguishable from those on which Plaintiff's claim is based. DHS also argues that the GTCA exemption at issue in *Bosh* differs from the exemptions on which it relies in this case, and *Bosh* should be limited accordingly. Furthermore, DHS argues that the statute of limitations on Plaintiff's claims in this case are not tolled or extended by the retroactive application of *Bosh.*

To understand the parties' arguments, a summary of the factual and legal issues discussed

---

[5]Plaintiff also alleges that Lewis became his foster parent in August of 1999. Amended Complaint ¶ 15. However, he also alleges that he was abused by Lewis from September 4, 1998 until January 7, 2000. Amended Complaint at ¶22. Either paragraphs 15 or 22 identify the wrong year, as he could not have been abused in Lewis's home in 1998 if he did not reside there until August of 1999.

6

in *Bosh* is necessary.  The plaintiff in *Bosh* alleged that he was subjected to excessive force by jailers while he was restrained and waiting to be booked into the county jail; he alleged that the excessive force continued after he was placed in a cell, where he remained for approximately two day before receiving medical treatment.  *Bosh*, 305 P.3d at 996.  Asserting 42 U. S. C. § 1983 claims and a pendent GTCA claim, the plaintiff sued the jailers and their employer, the county's governmental building authority, in federal court.  After the county moved to dismiss based on the GTCA exemption from liability for losses arising from a prison, jail or correctional facility, the federal court certified questions to the Oklahoma Supreme Court.  The *Bosh* decision sets out the court's answers to the questions presented[6].

> The constitutional provision underlying the *Bosh* decision provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized.

Oklahoma Constitution, art. II, § 30.  The *Bosh* court determined that a citizen has a private right of action to assert a claim for excessive force under this provision, notwithstanding the GTCA, and municipal liability is governed by the doctrine of *respondeat superior* rather than by § 1983.  The court also held that its decision applies retroactively to "all matters which were in the litigation pipeline, state and federal, when *Bryson v. Oklahoma County*, 261 P.3d 627 (Okla. Ct. App. 2011) was decided as well as any claims which arose when *Bryson,* was decided."  *Bosh*, 305 P.3d at 1002.

---

[6]The questions were 1) does Section 30 of Article II of the constitution provide a private right of action for excessive force, notwithstanding the limitations of the GTCA; 2) if such a right exists, is the cause of action  recognized retrospectively; and 3) are  the standards of municipal liability coterminous with a §1983 action or does  the common law theory of *respondeat superior* apply to such an action.  The Oklahoma Supreme Court answered each question in the affirmative.  *Bosh*, 305 P.3d at 995-96.

It is clear that the facts presented in *Bosh* are distinguishable from those underlying Plaintiff's claim in this case.   As Judge Heaton  observed in *Hedger*, whether the Oklahoma Supreme Court would extend *Bosh*  to other claims of tortious conduct is not clear.  *Hedger*, 2013 WL 5873348, at *3.  In *Hedger,* Judge Heaton granted a Rule 12(b)(6) motion to dismiss a claim based on *Bosh* in an action brought by the parents of a child temporarily placed in DHS custody during the pendency of a proceeding to terminate their parental rights.  While in temporary care, the child died.  The parents asserted several tort claims against DHS employees and other individuals, as well as the municipality employing some defendants.  Relying on *Bosh,* they also sought to hold DHS liable for the conduct of its employees.

Judge Heaton found the plaintiffs' factual allegations against DHS insufficient to state a plausible claim for relief based on *Bosh*, noting the absence of allegations that could bring the claim within the scope of the constitutional protections against search and seizure, as well as the absence of allegations of force.  *Hedger*, 2013 WL 5873348, at *3.  He also expressly noted that "Oklahoma's statutory scheme involving child welfare, and the roles of those participating in the system, will necessarily involve different concerns and considerations from those in *Bosh* as to whether a private right of action is  warranted."  *Id.* at n. 9.  His order of dismissal authorized the plaintiffs to file an amended complaint.

Having reviewed the allegations in this case, the Court also finds that they fail to state a plausible claim for relief based on *Bosh.*  Although Plaintiff here alleges that he was subjected to physical and mental abuse, such conduct, despite its severity, is not the same as the excessive force committed by jailers against an individual who is physically restrained and in the custody of law enforcement personnel.   *Bosh* suggests that it is intended to apply to law enforcement personnel,

8

as the court notes that its holding "will help to *maintain a proper balance for law enforcement officials* to constrain detainees as needed, but without using unnecessary excessive force that can cause permanent injuries to detainees." *Bosh*, 305 P.3d at 1002 (emphasis added).[7]

Whether *Bosh* would extend *respondeat superior* liability to DHS for the conduct of an individual who is not its employee is unclear. It was not disputed that the jailers who used excessive force in *Bosh* were employees of the county. As DHS argues, foster parents are not employees of DHS, and Plaintiff does not argue otherwise. As DHS also points out, the GTCA contains a separate exemption for the acts and omissions of independent contractors or a person "other than an employee of the state or political subdivision" at the time the act or omission occurred. *See* Okla. Stat. tit. 51, § 155(18). That GTCA exemption was not at issue in *Bosh*.

The Court concludes that the Amended Complaint is inadequate to state a plausible claim for relief against DHS based on *Bosh*. The motion to dismiss that claim is granted.

Having determined that both claims asserted against DHS must be dismissed, the Court must determine whether Plaintiff should be granted leave to amend. Where, as here, Plaintiff does not expressly seek leave to amend in the event of dismissal, the Court has the authority to dismiss the claims with or without leave to amend. *Brever v. Rockwell International Corp.*, 40 F. 3d 1119, 1131 (10th Cir. 1994). However, "'if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Id.* (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483,

---

[7]The Court has identified two federal court decisions in which a plaintiff sought to assert a claim based on *Bosh*.
*Burke v. Glanz,* 2013 WL 2403857 (N.D. Okla. May 31, 2013) (unpublished); *Ibarra v. City of Tahlequah,* 2013 WL 1991546 (E.D. Okla. May 13, 2013) (unpublished). As in *Bosh,* both decisions involved claims regarding the conduct of law enforcement personnel toward private citizens.

at 587 (2d ed. 1990) and *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)). Accordingly, a court must justify denial of leave to amend with reasons such as futility or undue delay. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996). A court may deny leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that it would not survive a motion for summary judgment. *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997) (citations omitted).

With respect to the GTCA claim, it is apparent that leave to amend is futile if Plaintiff did not file the requisite notice prior to filing suit, or if he cannot allege facts to show that the action is timely brought. Plaintiff's failure to respond to the arguments regarding these omissions suggests that he may not intend to pursue this claim. However, if he inadvertently omitted the essential allegations and is able to include them, he may assert the claim in a second amended complaint. Subject to that condition, leave to amend is authorized. Otherwise, leave must be denied as futile.

Although the Court has doubts regarding the viability of Plaintiff's *Bosh* claim in the context of this case, it cannot state with certainty that amending the claim would be futile. Accordingly, Plaintiff is granted leave to amend.

<u>Conclusion:</u>

Pursuant to the foregoing, the motion to dismiss of DHS [Doc. No. 24] is GRANTED. Subject to the limitations set forth herein, Plaintiff is granted leave to file a second amended complaint, and the same shall be filed no later than 21 days from the date of this Order. Defendants shall respond to the second amended complaint within the deadlines prescribed by the Federal Rules

of Civil Procedure and the Local Civil Rules.

IT IS SO ORDERED this 26th day of November, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE