THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| TIMOTHY MARVIN BISHOP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-13-171-D |
| | ) | |
| STATE OF OKLAHOMA, *ex rel.* | ) | |
| DEPARTMENT OF HUMAN | ) | |
| SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the motion to dismiss [Doc. No. 26] filed jointly by Defendants Kristen Kyle-Moon ("Kyle-Moon") and Robyn Singleton Szuba ("Szuba"). Pursuant to Fed. R. Civ. P. 12(b)(6), Kyle-Moon and Szuba seek dismissal of the 42 U.S.C. § 1983 claim asserted against them in the Amended Complaint, arguing that it fails to allege facts sufficient to state a plausible claim for § 1983 relief. In the alternative, the movants argue that they are entitled to qualified immunity from § 1983 liability.

Background:

Plaintiff brings this action to recover damages for injuries incurred while he was in foster care in the custody of the Oklahoma Department of Human Services ("DHS"). He alleges that, in September of 1998[1], he was placed in foster care in the home of Marc Lewis ("Lewis"), where he

---

[1] The Amended Complaint identifies his placement date as September 4, 1998 in one paragraph, but lists August of 1999 as the placement date in a different paragraph. Amended Complaint ¶¶ 12, 15, 22. The parties' briefs suggest that the correct placement year is 1998, and the Court thus regards the reference to 1999 as an error.

was subjected to emotional and physical abuse, including sexual abuse, by Lewis[2] until he was removed from the Lewis home on January 7, 2000. During this time period, Kyle-Moon and Szuba were DHS employees allegedly having some role in monitoring the care of Plaintiff.

The Amended Complaint includes only one claim[3] against Kyle-Moon and Szuba. Plaintiff alleges that they, along with five other DHS employees who are identified as Jane Doe defendants, violated his right to substantive due process under the Fourteenth Amendment by failing to exercise professional judgment regarding Plaintiff, resulting in harm to him. The movants argue the allegations are insufficient to state a plausible claim for relief against them.

Standard governing Rule 12(b)(6):

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *MacArthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court must construe well-pleaded facts as true, not all factual allegations are "entitled to the assumption of truth." *Id.* "[I]n ruling on a motion to dismiss, a court should

---

[2] Plaintiff alleges, and Defendants do not dispute, that the foster parent, Marc Lewis, was convicted in 2004 of numerous criminal charges related to his abuse of foster children placed in his care, and he was sentenced to four life sentences plus 390 years, to be served consecutively. Amended Complaint ¶ 24.

[3] The remaining claims are directed only at DHS, which has also filed a motion to dismiss the claims asserted against it. That motion is addressed in a separate Order.

disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Similarly disregarded are allegations which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 554-555). The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims" against the named defendants. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original).[4]

Application:

Plaintiff's sole claim against Kyle-Moon and Szuba is asserted pursuant to 42 U.S.C. §1983, which provides a cause of action against any person who, acting under color of state law, deprives another of his federal rights. To state a plausible claim for § 1983 relief, a plaintiff must plead facts to show: "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of [law]." *Beedle v. Wilson,* 422 F.3d 1059, 1064 (10th Cir. 2005); *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir.2002).

The federal right on which Plaintiff relies is the Fourteenth Amendment, which provides that no state shall deprive a person of life, liberty, or property, without due process of law. More

---

[4]In response to the motion, Plaintiff cites the *Twombly* standard, but argues that dismissal is warranted only if the Court concludes that he can prove no set of facts which would entitle him to relief, citing Oklahoma decisions. Plaintiff's contention is incorrect, as *Twombly* expressly rejected that standard where, as here, the motion challenges the sufficiency of allegations under the Federal Rules of Civil Procedure rather than state law.

disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Similarly disregarded are allegations which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 554-555). The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims" against the named defendants. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original).[4]

<u>Application</u>:

Plaintiff's sole claim against Kyle-Moon and Szuba is asserted pursuant to 42 U.S.C. §1983, which provides a cause of action against any person who, acting under color of state law, deprives another of his federal rights. To state a plausible claim for § 1983 relief, a plaintiff must plead facts to show: "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of [law]." *Beedle v. Wilson,* 422 F.3d 1059, 1064 (10th Cir. 2005); *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir.2002).

The federal right on which Plaintiff relies is the Fourteenth Amendment, which provides that no state shall deprive a person of life, liberty, or property, without due process of law. More

---

[4]In response to the motion, Plaintiff cites the *Twombly* standard, but argues that dismissal is warranted only if the Court concludes that he can prove no set of facts which would entitle him to relief, citing Oklahoma decisions. Plaintiff's contention is incorrect, as *Twombly* expressly rejected that standard where, as here, the motion challenges the sufficiency of allegations under the Federal Rules of Civil Procedure rather than state law.

disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Similarly disregarded are allegations which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 554-555). The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims" against the named defendants. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original).[4]

Application:

Plaintiff's sole claim against Kyle-Moon and Szuba is asserted pursuant to 42 U.S.C. §1983, which provides a cause of action against any person who, acting under color of state law, deprives another of his federal rights. To state a plausible claim for § 1983 relief, a plaintiff must plead facts to show: "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of [law]." *Beedle v. Wilson,* 422 F.3d 1059, 1064 (10th Cir. 2005); *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir.2002).

The federal right on which Plaintiff relies is the Fourteenth Amendment, which provides that no state shall deprive a person of life, liberty, or property, without due process of law. More

---

[4] In response to the motion, Plaintiff cites the *Twombly* standard, but argues that dismissal is warranted only if the Court concludes that he can prove no set of facts which would entitle him to relief, citing Oklahoma decisions. Plaintiff's contention is incorrect, as *Twombly* expressly rejected that standard where, as here, the motion challenges the sufficiency of allegations under the Federal Rules of Civil Procedure rather than state law.

specifically, Plaintiff's claim against Kyle-Moon, Szuba, and the Jane Doe defendants is based on their alleged violation of his substantive due process rights. The Fourteenth Amendment guarantees more than procedural due process, but covers "'a substantive sphere...barring certain government actions regardless of the fairness of the procedures used to implement them.'" *Hernandez v. Ridley*, __ F.3d __, 2013 WL 5995889, at *2 (10th Cir. Nov. 13, 2013) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1988)).

As a general rule, "'state actors are liable only for their own acts, and not the violent acts of third parties.'" *Hernandez*, 2013 WL 5995889, at *3 (quoting *Armijo v. Wagon Mound Public Schools*, 159 F.3d 1253, 1260 (10th Cir. 1998)). Thus, the state's "failure to protect an individual against private violence..does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 197 (1989).  However, an exception exists where, as here, the alleged substantive rights violation stems from the plaintiff's special relationship with the state or the existence of a state-created danger. *Schwartz v. Booker*, 702 F.3d 573, 579-580 (10th Cir. 2012). "The special relationship doctrine applies 'when the state assumes control over an individual sufficient to trigger an affirmative duty to provide protection to that individual.'" *Id.* (quoting *J.W. v. Utah*, 647 F.3d 1006, 1011 (10th Cir.2011) (internal quotation omitted)). "[T]he state-created danger theory applies when the State creates or increases a harm of private violence to an individual." *Schwartz,* 702 F.3d at 580 (citing *Armijo* , 159 F.3d at 1262–63).

The special relationship doctrine applies "when the State takes a person into its custody and holds him there against his will." *DeShaney*, 489 U.S. at 199. In such circumstances, "the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and

general well-being," and the violation of that duty may form the basis for a substantive due process claim. *Id.*

The Tenth Circuit expressly recognizes that foster care qualifies as a special relationship with a state for substantive due process purposes. According to the Circuit, "foster care is recognized as one of the custodial relationships that creates a special relationship." *Schwartz*, 702 F.3d at 580. The Circuit has "explicitly recognized that foster children have a substantive due process right to 'protection while in foster care.'" *Id.* (quoting *Yvonne L. ex rel. Lewis v. New Mexico Department of Human Services*, 959 F.2d 883, 892-93 (10th Cir. 1992)). In the context of foster care, the "special relationship triggers a continuing duty which is subsequently violated if a state official 'knew of the asserted danger to [a foster child] or failed to exercise professional judgment with respect thereto,...and if an affirmative link to the injuries [the child] suffered can be shown.'" *Schwartz*, 702 F.3d at 580 (quoting *Yvonne L*, 959 F.2d at 890). The state official's duty is not limited to initial placement of the child, but applies to "protection while in foster care." *Id.* at 581 n. 6.

Thus, to state a plausible claim against an individual state actor based on the special relationship doctrine, a plaintiff must allege facts to show that a custodial relationship existed, the state official either knew of an asserted danger to the individual in custody or failed to exercise professional judgment with respect to the individual, and facts supporting an affirmative link between the individual's injury and the state official's knowledge of the danger or his failure to exercise professional judgment. *Id.; see also Whitley v. New Mexico Children, Youth & Families Dept.*, 184 F.Supp. 2d 1146, 1156 (D. N.M. 2001) (citing *Yvonne L.*, 959 F.2d at 890 and 893-94). In this regard, the "failure to exercise professional judgment" standard "requires more than mere negligence: it requires an abdication of such professional responsibility," and "'[s]uch abdication

must be sufficient to shock the conscience.'" *J.W. v. Utah*, 647 F.3d 1006, 1011 (10th Cir. 2011) (quoting *Johnson v. Holmes*, 455 F.3d 1133, 1143 (10th Cir. 2006)). "The ultimate standard for determining whether there has been a substantive due process violation is whether the challenged government action shocks the conscience of federal judges." *Hernandez*, 2013 WL 5995889, at *5. "'Conduct that shocks the judicial conscience...is deliberate government action that is arbitrary and unrestrained by the established principles of private right and distributive justice.'" *Id.* (quoting *Seegmiller v. LaVerkin City*, 528 F.3d 762, 767 (10th Cir. 2008)).

The motion before the Court challenges the sufficiency of Plaintiff's allegations to state a plausible substantive due process claim against Kyle-Moon and Szuba based on the special relationship doctrine.[5]

Because of the recognized special relationship resulting from Plaintiff's status as foster child, the allegations are sufficient to satisfy the initial essential element of the claim. With respect to the remaining allegations against Kyle-Moon and Szuba, the Court finds that Plaintiff has failed to allege sufficient facts to support his conclusory contention that they failed to exercise professional judgment in a manner that shocks the conscience of the Court.

The Tenth Circuit has stressed that, in §1983 claims directed at multiple defendants, the *Twombly* plausibility requirement has "greater bite," especially where a defense of qualified immunity may be asserted. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). Applying the *Twombly* requirements to a substantive due process claim based on a state-created danger theory,

---

[5]The Court need not determine whether the Amended Complaint could plausibly state a claim based on the state-created danger theory. "'[A]pplication of the state-created danger theory is unnecessary and unwarranted where a custodial or special relationship exists between the victim and the State because in that case, the relationship itself gives rise to the State's corresponding duty to protect the victim.'" *Schwartz*, 702 F.3d at 583 n. 11 (quoting *Gray v. University of Colorado Hospital Authority,* 672 F.3d 909, 923 and n. 10 (10th Cir. 2012)).

*Robbins* concluded that "complaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants." *Id.* According to the Circuit:

> Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins*, 519 F. 3d at 1250 (emphasis in original).  In this case, Plaintiff's collective allegations fail to satisfy the requirements noted in *Robbins*.

The Amended Complaint collectively alleges that Kyle-Moon, Szuba and the Jane Doe defendants failed to exercise professional judgment with respect to Plaintiff's initial placement in the home of Lewis and his continued residence there.  Amended Complaint ¶¶ 32-39.  These allegations fail to include sufficient facts identifying the specific conduct of Kyle-Moon and Szuba which Plaintiff contends violated his rights.  Instead, the allegations largely consist of a formulaic recitation of the elements of the claim, and thus are inadequate to withstand dismissal.  *See Iqbal,* 556 U.S. at 678.

The Amended Complaint's only allegations mentioning Kyle-Moon are set out in a single paragraph in which Plaintiff alleges that Kyle-Moon was "the child welfare worker assigned as a treatment worker for Plaintiff," that she "failed to act professionally in protecting Plaintiff from harm by failing to review prior allegations of abuse by Lewis, failing to properly supervise Plaintiff's placement with Lewis, and failing to provide proper care and treatment alternatives before, during and after the abuse by Lewis."  Amended Complaint ¶ 36(A).  Plaintiff's only allegations against Szuba are contained in a single paragraph in which he alleges that she was the "individual assigned to investigate the allegations of Lewis appearing in child pornographic photos

and in said role failed to exercise professional judgment in the method, manner, and conclusion of the investigation." Amended Complaint ¶ 36(B). Although the Amended Complaint contains many allegations describing in some detail the alleged conduct of the Jane Doe defendants, most of the allegations against DHS employees are asserted collectively, and the Court is unable to discern whether any of these involve the actions or inactions of Kyle-Moon or Szuba. The repeated assertion that Kyle-Moon and Szuba failed to exercise professional judgment is conclusory, and must be disregarded by the Court in ruling on the motion. *See Kansas Penn,* 656 F.3d at 1214. Instead, the Court must determine if there are factual allegations to support the conclusory statements and, if such allegations are not asserted, Plaintiff has failed to state a plausible claim for relief. *Id.*

The Court concludes that the factual allegations are insufficient to support the conclusory contention that the movants failed to exercise professional judgment under the standards required for a substantive due process claim, and also fail to present facts that could demonstrate the requisite conscience-shocking conduct. Accordingly, the motion to dismiss must be granted.

Having so concluded, the Court must determine whether Plaintiff should be granted leave to amend. Where, as here, Plaintiff does not expressly seek leave to amend in the event of dismissal, the Court is not required to consider the propriety of an amendment, and has the authority to dismiss the claims with or without leave to amend. *Brever v. Rockwell International Corp.*, 40 F. 3d 1119, 1131 (10th Cir. 1994). However, "'if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Id.* (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483, at 587 (2d ed. 1990) and *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)). Accordingly,

a district court must justify its denial of leave to amend with reasons such as futility or undue delay. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996). A court may deny leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment. *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997) (citations omitted).

In this case, the Court cannot conclude at this stage of the proceeding that it would be futile to grant leave to amend. Accordingly, Plaintiff may file a second amended complaint to cure the deficiencies noted herein.

Having determined that Plaintiff may file a second amended complaint, the Court will not address the movants' alternative contention that they are entitled to qualified immunity from § 1983 liability at this time. However, they may reassert that argument if doing so is warranted by the facts and applicable law.

<u>Conclusion:</u>

For the foregoing reasons, the motion to dismiss [Doc. No. 26] is GRANTED. Plaintiff is granted leave to file a second amended complaint as set forth herein. Plaintiff must do so no later than 21 days from the date of this Order, and Defendants shall respond according to the deadlines prescribed by the Federal Rules of Civil Procedure and the Local Civil Rules.

IT IS SO ORDERED this 26th day of November, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

a district court must justify its denial of leave to amend with reasons such as futility or undue delay. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996). A court may deny leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment. *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997) (citations omitted).

In this case, the Court cannot conclude at this stage of the proceeding that it would be futile to grant leave to amend. Accordingly, Plaintiff may file a second amended complaint to cure the deficiencies noted herein.

Having determined that Plaintiff may file a second amended complaint, the Court will not address the movants' alternative contention that they are entitled to qualified immunity from § 1983 liability at this time. However, they may reassert that argument if doing so is warranted by the facts and applicable law.

Conclusion:

For the foregoing reasons, the motion to dismiss [Doc. No. 26] is GRANTED. Plaintiff is granted leave to file a second amended complaint as set forth herein. Plaintiff must do so no later than 21 days from the date of this Order, and Defendants shall respond according to the deadlines prescribed by the Federal Rules of Civil Procedure and the Local Civil Rules.

IT IS SO ORDERED this 26th day of November, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE