# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY MARVIN BISHOP, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE STATE OF OKLAHOMA, ex rel., ) <br> THE OKLAHOMA DEPARTMENT OF ) <br> HUMAN SERVICES, an agency of the ) <br> State of Oklahoma et al., ) <br> ) <br> Defendants. ) | Case No. CIV-13-171-D |

## **O R D E R**

Before the Court are the Motion to Dismiss Second Amended Complaint of Defendants Kristen Kyle-Moon, Robyn Singleton Szuba, Harold Russell, Alecia Teacher, Dawn Bender, Janis Bynum and Vicky Blackfoot [Doc. Nos. 56-57], and the Motion to Dismiss Second Amended Complaint of Defendant Bryan Thomas [Doc. No. 86]. Plaintiff has responded to each of the motions [Doc. Nos. 67, 87] and Defendants have replied [Doc. Nos. 85, 88]. The matters are fully briefed and at issue.[1]

In Plaintiff's Second Amended Complaint [Doc. No. 41], he brings a claim against Defendants pursuant to 42 U.S.C. § 1983 for violations of his federal constitutional right to substantive due process.[2] Defendants move for dismissal of Plaintiff's § 1983 claim pursuant to Fed.

---

[1]Since the filing of the subject motions, the Court has granted Plaintiff's unopposed motion to correct the spelling of the names of certain defendants, now properly identified as follows: Harold Russell, Bryan Thomas, Vickie Blackfoot, Alecia Teacher, Dawn Bender and Jan Bynum. *See* Order [Doc. No. 91].

[2]Plaintiff brings separate claims for relief pursuant to Oklahoma state law against Defendant the Oklahoma Department of Human Services (DHS). DHS has also moved for dismissal of the Second Amended Complaint as to the state law claims brought against it. The Court addresses that motion by separate order.

Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted and further contend they are entitled to qualified immunity. Additionally, the added Defendants identified for the first time in the Second Amended Complaint, *i.e.*, all Defendants other than Kyle-Moon and Szuba, seek dismissal on grounds Plaintiff's § 1983 claim is barred by the applicable statute of limitations and does not relate back to the filing of the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure.

I.     **Factual Background and Procedural History**

Plaintiff brings this action to recover damages for injuries incurred while he was in foster care in the custody of the Oklahoma Department of Human Services (DHS). He alleges that in September of 1998 he was placed in foster care in the home of Marc Lewis (Lewis), where he was subject to emotional and physical abuse, including sexual abuse, by Lewis until he was removed from the Lewis home on January 7, 2000.[3] During this time period Defendants, DHS employees, allegedly assumed various roles in monitoring Plaintiff's placement and care in the Lewis foster home.

The Second Amended Complaint alleges a claim under § 1983 against Defendants for alleged violations of Plaintiff's substantive due process rights. The Second Amended Complaint was filed on December 17, 2013, as discussed *infra*, after the expiration of the statute of limitations, and added Defendants Harold Russell (Russell), Alecia Teacher (Teacher), Dawn Bender (Bender), Jan Bynum (Bynum) Vickie Blackfoot (Blackfoot) and Bryan Thomas (Thomas) (collectively, the Added Defendants).

---

[3]Plaintiff alleges, and Defendants do not dispute, that the foster parent, Marc Lewis, was convicted in 2004 of numerous criminal charges related to the abuse of foster children placed in his care, and was sentenced to four life sentences plus 390 years, to be served consecutively. *See* Second Amended Complaint at p. 5, ¶ 27.

## II. Standard Governing Rule 12(b)(6)

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *MacArthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court must construe well-pleaded facts as true, not all factual allegations are "entitled to the assumption of truth." *Id*. "[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Similarly disregarded are allegations which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 544-555). The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims" against the named defendants. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

### III. Discussion

#### A. Statute of Limitations / Relation Back

Oklahoma's two-year statute of limitations governs Plaintiff's § 1983 claim. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011). Plaintiff's § 1983 claim accrued, at the latest, in January 2000. Therefore, the statute of limitations expired on this claim in January 2002. However, Plaintiff did not reach the age of majority until September 5, 2007. *See* Second Amended Complaint at p. 3, ¶ 14. The limitations period, therefore, was tolled for a period of one year thereafter, or until September 5, 2008. *See* Okla. Stat. tit. 12, § 96[4]; *see also Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (state law governs tolling of limitations period for § 1983 claims); *Heuston v. Ballard*, 578 Fed. Appx. 791 (10th Cir. 2014) (recognizing in certain circumstances applicability of tolling provisions of Okla. Stat. tit. 12, § 96 to § 1983 claims).

Plaintiff initiated his action in state court on September 5, 2008, on the last day of the limitations period. His initial petition named as defendants DHS, Kyle-Moon and Szuba. He also named as defendants Jane Does #1-#5. The action was dismissed without prejudice to refiling on September 4, 2009. Plaintiff timely re-filed the action in state court on September 3, 2010, and named the same defendants as named in his initial action.[5] The action was removed to this Court on

---

[4]Section 96 provides:

> If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed . . . .

Okla. Stat. tit. 12, § 96. A minor qualifies as a person under a legal disability. *See Garrison v. Wood*, 957 P.2d 129, 130 n. 2 (Okla. Civ. App. 1997) (*citing Heston v. People's Elec. Co-op*, 824 P.2d 1137 (Okla. 1992)).

[5]Plaintiff's re-filing of the state court action was timely pursuant to the tolling provisions of Okla. Stat. tit. 12, § 100 which provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he

4

February 15, 2013.

Plaintiff filed an Amended Complaint [Doc. No. 11] on March 18, 2013 and again named the same defendants. The Amended Complaint added state law claims against DHS. Defendants Kyle-Moon and Szuba moved to dismiss the Amended Complaint and the Court granted the motion, *see* Order [Doc. No. 40] (hereinafter First Dismissal Order), finding that Plaintiff's allegations were insufficient to state a plausible § 1983 claim for relief against these Defendants. The Court, however, granted Plaintiff leave to amend. Plaintiff then filed the Second Amended Complaint on December 17, 2013, after the statute of limitations had expired and named the Added Defendants.

Plaintiff's attempt to substitute named defendants for the original unknown "Jane Doe" defendants amounts to adding a new party. *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir.2004). Therefore, Plaintiff's § 1983 claim against the Added Defendants is time- barred unless it relates back to Plaintiff's original pleading filed in state court on September 3, 2010.

Rule 15(c) of the Federal Rules of Civil Procedure governs the issue of relation back. Under Rule 15(c)(1), an amendment that changes the party or the naming of a defendant relates back to the date of the original pleading when the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. *See* Rule 15(c)(1)(B). In addition, Rule 15(c) requires a showing that:

> [W]ithin the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment
>
> > (i) received such notice of the action that it will not be prejudiced in

---

should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

*Id.*

> defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1)(C).

Here, there is no dispute that under Rule 15(c)(1)(B), Plaintiff's § 1983 claim against the Added Defendants arises out of the same conduct, transaction or occurrence as set out in his original pleading. But Plaintiff has wholly failed to demonstrate the additional requirements of Rule 15(c)(1)(C) are met. *See, e.g., Al-Dahir v. F.B.I.*, 454 Fed. Appx. 238, 242 (5th Cir. 2011) ("Plaintiffs have the burden to demonstrate that an amended complaint relates back under Rule 15(c).").

Plaintiff must establish that the Added Defendants had notice of the action or knew or should have known that the action would have been brought against them within the requisite time period under Rule 4(m). *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010) (Rule 15(c) looks to the prospective defendant's knowledge during the Rule 4(m) period). In other words, Plaintiff must show that the Added Defendants had the requisite notice within 120 days of the filing of the state court petition on September 3, 2010 – or by January 2, 2011. Plaintiff has wholly failed to do so.

Instead, Plaintiff makes a single contention as to why the requirements of Rule 15(c)(1)(C) have been satisfied as to the Added Defendants:

> The Defendants state that the necessary elements of Rule 15(c) that would permit the Plaintiff's Section 1983 claim in the Second Amended Complaint to relate back to the previous Oklahoma County District Court filings are not present. However, this argument fails to recognize that the Oklahoma County District Court order dismissing the case was vacated on January 25, 2013. In that order the Court found that there was no running of the statute of limitations due to the presence of

6

an ongoing case and no order dismissing the case for lack of service of process. This defense of the Defendants is unfounded.

*See* Plaintiff's Response [Doc. No. 67] at p. 6; *see also* Plaintiff's Response [Doc. No. 87] at p. 6.

The record shows the action was dismissed pursuant to the local rules of the state district court for failure to prosecute the action. *See* Order [Doc. No. 1-4]. Later, however, the order of dismissal was vacated and the case was allowed to proceed. In the order vacating the dismissal, the court stated:

> After hearing argument from counsel and after reviewing the case file, the Court FINDS that there is no prejudice to Defendants and just cause exists such that the Order of Dismissal for Failure to Issue Summons filed on December 7, 2010 be vacated in this case to allow the Plaintiff to proceed with his State Court Litigation against the Defendants . . . .

*See* Order [Doc. No. 1-18]. Contrary to Plaintiff's characterization, the court made no finding regarding the "running of the statute of limitations." Moreover, at the time the court entered its order, the Added Defendants were not yet parties to the action. The state district court order, therefore, is of no consequence to the issue before this Court – *i.e.*, whether the Added Defendants had notice within the requisite 120-day period as required by Rule 15(c)(1)(C).

Because Plaintiff makes no other showing that the Added Defendants had the requisite notice, the Court finds Plaintiff has failed to demonstrate that the Second Amended Complaint naming the Added Defendants relates back to the original state court petition. Accordingly, because the Second Amended Complaint was filed after the expiration of the limitations period, Plaintiff's § 1983 claim against the Added Defendants is untimely and must be dismissed against them.[6]

---

[6]Because the § 1983 claim against the Added Defendants is time-barred, the Court need not address the additional grounds upon which they seek dismissal of Plaintiff's § 1983 claim.

B.  **Sufficiency of Allegations of the Second Amended Complaint as to Plaintiff's Substantive Due Process Claim Against Defendants Kyle-Moon and Szuba**

The Court proceeds to address the sufficiency of the allegations of Plaintiff's § 1983 claim against Defendants Kyle-Moon and Szuba. Plaintiff bases his § 1983 substantive due process claim against these individual Defendants on both the "special relationship" and "danger creation" theories of liability. *See* Second Amended Complaint at p. 10, ¶¶ 39(A)(1)-(2).[7] However, as noted by the Court in its First Dismissal Order, application of the state-created danger theory is "unnecessary and unwarranted" where, as here, a special relationship exists between the victim and the State which itself gives rise to the State's corresponding duty to protect the victim. *See id*. at p. 6, footnote 5 (*quoting Gray v. University of Colorado Hosp. Auth.*, 672 F.3d 909, 923 and n.10 (10th Cir. 2012)).

As the Court addressed in its First Dismissal Order, to state a plausible claim against an individual state actor based on the special relationship doctrine, a plaintiff must allege facts showing: (1) that a custodial relationship existed; (2) that the state official either knew of an asserted danger to the individual in custody or failed to exercise professional judgment with respect to the individual; and (3) an affirmative link between the individual's injury and the state official's knowledge of the danger or his failure to exercise professional judgment. *Id*. at p. 6 (*citing Schwartz v. Booker,* 702 F.3d 573, 580 (10th Cir. 2012)).

The Court has already determined that Plaintiff has alleged facts sufficient to demonstrate a custodial relationship. *See* First Dismissal Order at p. 6. ("Because of the recognized special relationship resulting from Plaintiff's status as a foster child, the allegations are sufficient to satisfy

---

[7]The numbering of paragraphs in the Second Amended Complaint is duplicative and out-of-sequence in many places. Therefore, the Court cites both the page and paragraph numbers of the Second Amended Complaint where the referenced citations are made.

the initial essential element of the claim."). The Court focuses its analysis, therefore, on the second and third elements.

In the First Dismissal Order, this Court found Plaintiff's "collective" allegations against the individual defendants regarding their alleged failure to exercise professional judgment were insufficient as the allegations "fail[ed] to include sufficient facts identifying the specific conduct of Kyle-Moon and Szuba which Plaintiff contends violated his rights." *See id*. at p. 7. *see also id.* at pp. 6-7 (addressing pleading requirements where a § 1983 claim is directed at multiple defendants and noting that in those circumstances the *Twombly* plausibility standard has "greater bite.") (*citing Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008)).

### 1. Allegations as to Defendant Kyle-Moon

The Amended Complaint contained a single paragraph of allegations directed specifically at Kyle-Moon. *See id*. at ECF p. 10, ¶ 36(A). Those allegations stated:

> KRISTEN KYLE-MOON was the child welfare worker assigned as a treatment worker for Plaintiff. It is alleged that Kyle-Moon failed to act professionally in protecting Plaintiff from harm by failing to review prior allegations of abuse by Lewis, failing to properly supervise Plaintiff's placement with Lewis and failing to provide proper care and treatment alternatives before, during and after the abuse by Lewis.

*See id*.

In the Second Amended Complaint, Plaintiff repeats that paragraph, adds that Kyle-Moon was "assigned to monitor the Lewis foster home" and specifically references other conduct attributable to Kyle-Moon. *See* Second Amended Complaint at p. 11, ¶ 36(A)(1)-(3). Plaintiff alleges that Kyle-Moon failed to investigate "red flags" contained in relevant DHS files that included information that Lewis would take only boys as foster children, would request that the boys be

9

"good looking," preferred "younger adolescent males" and that in 1994 he had about 12 children in his home – all of whom were boys between the ages of 13 to 17. *See id*. at p. 11, ¶ 36(A) (1), referencing allegations at pp. 3-4, ¶ 20(A)-(C). Plaintiff further alleges that Kyle-Moon failed to investigate numerous "referrals" against Lewis prior to Plaintiff's placement and during Plaintiff's placement in the home which included allegations of: (1) physical abuse and neglect; (2) sexual abuse; (3) failure to obtain medical attention; (4) educational neglect; (5) kids drinking beer and smoking pot; (6) economic abuse, i.e., "foster parent living off foster kids' money;" and (7) physical abuse and inappropriate sexual conduct. *Id*., referencing allegations at p. 4, ¶ 21. Plaintiff alleges that if such an investigation had been conducted, Kyle-Moon would have suspected that physical and sexual abuse was a real threat in the Lewis foster home because of child pornography, homosexual acts perpetrated upon foster children, and that people were living in the home who should not have been there. *Id*. at p. 11, ¶ 36(A)(1).

Plaintiff additionally alleges that Kyle-Moon should have recommended terminating Lewis' foster parent privileges before Plaintiff was ever placed in the home and, at a minimum, should have recommended this soon after Plaintiff was placed there. *Id.* at p. 11, ¶ 36(A)(1). He further alleges that Kyle-Moon, as Plaintiff's treatment worker, should have developed (and impliedly did not develop) a trusting relationship with Plaintiff so as to allow open communication about the Lewis home. If she would have done so, Plaintiff alleges she would have known who was really living in the home and what abuse was occurring there. *Id.*, ¶ 36(A)(2). Finally, Plaintiff alleges that Kyle-Moon failed to exercise professional judgment to make appropriate referrals to law enforcement about serious allegations of computer child pornography and physical and sexual abuse and physical neglect. *Id.*, ¶ 36(A)(3). Plaintiff further alleges that Kyle-Moon failed to remove Plaintiff and

other children from the Lewis home. *Id.*[8]

Accepting Plaintiff's factual allegations against Kyle-Moon as true and construing them in a light most favorable to Plaintiff, the Court finds that Plaintiff has stated a plausible § 1983 substantive due process claim under the special relationship doctrine. Plaintiff has alleged facts showing that Defendant Kyle-Moon knew of the dangers in the Lewis foster home or failed to exercise professional judgment to a degree that amounts to abdication of professional judgment. The facts plausibly state an affirmative link between Kyle-Moon's alleged failure to exercise professional judgment and the sexual and physical abuse in the Lewis foster home including Plaintiff's injuries from sexual and physical abuse. Additionally, the facts as alleged by Plaintiff plausibly demonstrate conscience-shocking behavior.[9]

### 2. Allegations as to Defendant Szuba

As with Kyle-Moon, the Amended Complaint contained a single paragraph of allegations directed specifically at Szuba. *See* Amended Complaint at ECF p. 10, ¶ 36(B). Those allegations stated:

> ROBYN SINGLETON SZUBA was the individual assigned to investigate the allegations of Lewis appearing in child pornographic photos and in said role failed to exercise professional judgment in the method, manner and conclusion of the investigation.

*See id*.

---

[8] Plaintiff makes virtually identical allegations against Defendants Russell, Thomas and Blackfoot. *See* Second Amended Complaint at pp. 12-16. However, Plaintiff further alleges that Defendants Russell, Thomas and Blackfoot were child welfare workers assigned to children other than Plaintiff who were also in the Lewis home during the relevant time period.

[9] As set forth in the Court's First Dismissal Order, the abdication of professional responsibility must be sufficient to "shock the conscience" in order to support a substantive due process claim premised on the special relationship doctrine. *See id*. at pp. 5-6 (*citing J.W. v. Utah*, 647 F.3d 1006, 1011 (10th Cir. 2011)).

11

In the Second Amended Complaint Plaintiff alleges the following:

> ROBYN SINGLETON SZUBA was the individual assigned in March 1999 to investigate the allegations of Lewis having a computer with child pornographic photos and failed to exercise professional judgment in the method, manner and conclusion of the investigation when she accepted the perpetrator's (Lewis') explanation and concluded in her report (Referral #615405) to DHS and to the District Attorney that sexual abuse was ruled out even though the foster child (TP) telephoned Lewis in her presence after her questions and said 'someone from DHS is here. I didn't say anything bad' and an unrelated adult confirmed child pornography on Lewis' computer, such that what should have been suspicioned by Szuba was instead ignored and she failed to act professionally in protecting Plaintiff from harm . . . .

*See* Second Amended Complaint at pp. 11-12, ¶ 36(B).

Plaintiff alleges that Szuba failed to investigate the same "red flags" as discussed in relation to Kyle-Moon. Plaintiff also alleges that Szuba failed to thoroughly investigate a report from an adult who took "the boys to practice." The report allegedly states that the adult found Lewis and a young boy with their pants off in front of a computer screen in March or April of 1999. *Id*. at p. 12, ¶ 36(B)(2). Another adult also is alleged to have had information about child pornography that Szuba failed to investigate. *Id*.

In addition, it is alleged that Szuba, like Kyle-Moon, failed to thoroughly investigate the circumstances of a young male staying in the Lewis home. According to the allegations, had Szuba conducted a proper investigation, she would have discovered not only that he was staying there but that he was subject to a court order not to be there. Plaintiff further alleges Szuba would have learned of the "unusual relationship" that apparently existed between that young male and Lewis. *Id., ¶* 36(B)(3).

Similar to the allegations against Kyle-Moon, Plaintiff alleges that Szuba failed to exercise professional judgment to make appropriate referrals to law enforcement about serious allegations

of computer child pornography and physical and sexual abuse and physical neglect. Plaintiff further alleges that Kyle-Moon failed to remove Plaintiff and other children from the Lewis home. Id. at ¶ 36(B)(5).[10]

The factual allegations against Defendant Szuba in the Second Amended Complaint are likewise sufficient to state a plausible § 1983 substantive due process claim under the special relationship doctrine. The facts alleged, construed in the light most favorable to Plaintiff, demonstrate a plausible claim that Defendant Szuba failed to exercise professional judgment to a degree that amounts to abdication of professional judgment. The facts allege an affirmative link between the alleged failure to exercise professional judgment and the sexual and physical abuse in the Lewis foster home including Plaintiff's injuries from sexual and physical abuse. The facts plausibly demonstrate conscience-shocking behavior.

### C. Qualified Immunity

Qualified immunity "protects governmental officials from liability for civil damages insofar as their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The qualified immunity inquiry has two prongs: whether a constitutional violation occurred, and whether the violated right was "clearly established" at the time of the violation. *Pearson*, 555 U.S. at 232.

Where, as in this case, qualified immunity is asserted in a motion to dismiss, the correct standard for review is the same as for dismissals based on failure to state a claim for relief. *Archuleta*

---

[10]Plaintiff makes virtually identical allegations against Defendant Teacher as those made against Defendant Szuba. *See* Second Amended Complaint at pp. 15-16, ¶(F)(1)-(5).

*v. Wagner,* 523 F.3d 1278, 1281 (10th Cir.2008) (*citing Moya v. Schollenbarger*, 465 F.3d 444, 455 (10th Cir.2006). Thus, the Court is "limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir.1995). The Court must accept as true all " 'well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party.'" *Archuleta*, 523 F.3d at 1283 (*quoting Moya*, 465 F.3d at 455).

As set forth above, Plaintiff has alleged facts sufficient to state a plausible § 1983 claim for relief against Defendants Kyle-Moon and Szuba based on an alleged violation of his substantive due process rights under the special relationship doctrine. Moreover, at the time of the complained-of conduct, the law giving rise to Plaintiff's substantive due process claims was clearly established. *See Yvonne L. By and Through Lewis v. New Mexico Dept. of Human Servs.* 959 F.2d 883, 891-93 (10th Cir. 1992). Therefore, Defendants Kyle-Moon and Szuba are not entitled to dismissal of the Second Amended Complaint on grounds of qualified immunity.

## IV. Conclusion

Plaintiff's § 1983 claim against the Added Defendants Russell, Teacher, Bender, Bynum, Blackfoot and Thomas is time-barred. Plaintiff's § 1983 claim against Defendants Kyle-Moon and Szuba states a plausible claim for a violation of Plaintiff's substantive due process rights and these defendants are not entitled to qualified immunity.

IT IS THEREFORE ORDERED that the Motion to Dismiss Second Amended Complaint of Defendants Kristen Kyle-Moon, Robyn Singleton Szuba, Harold Russell, Alecia Teacher, Dawn Bender, Jan Bynum and Vickie Blackfoot [Doc. Nos. 56-57] is GRANTED in part and DENIED in part. The motion to dismiss Plaintiff's § 1983 claim against Defendants Harold Russell, Alecia

Teacher, Dawn Bender, Jan Bynum and Vickie Blackfoot is GRANTED on grounds that Plaintiff's claim is barred by the statute of limitations. The motion to dismiss Plaintiff's § 1983 claim against Defendants Kristen Kyle-Moon and Robyn Singleton Szuba is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss Second Amended Complaint of Defendant Bryan Thomas [Doc. No. 86] is GRANTED on grounds that Plaintiff's claim is barred by the statute of limitations.

IT IS SO ORDERED this 13th day of November, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE