# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY MARVIN BISHOP, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE STATE OF OKLAHOMA, ex rel., ) <br> THE OKLAHOMA DEPARTMENT OF ) <br> HUMAN SERVICES, an agency of the ) <br> State of Oklahoma et al., ) <br> ) <br> Defendants. ) | Case No. CIV-13-171-D |

## O R D E R

Before the Court is the Motion to Dismiss Second Amended Complaint of Defendant Oklahoma Department of Human Services (DHS) [Doc. Nos. 54-55]. Plaintiff has responded to the motion [Doc. No. 66] and DHS has replied [Doc. No. 84]. Therefore, the matter is fully briefed and ready for decision.

## I.    Procedural History

Plaintiff brings two claims against DHS in his Second Amended Complaint. In his first claim for relief Plaintiff alleges a violation of the Oklahoma Governmental Tort Claims Act (GTCA), Okla. Stat. tit. 51, § 151 *et seq*. In his third claim for relief Plaintiff alleges a claim for "battery/excessive force" and seeks to impose respondeat superior liability on DHS relying on the Oklahoma Supreme Court's decision in *Bosh v. Cherokee County Bldg. Authority*, 305 P.3d 994 (Okla. 2013).[1]

DHS moves to dismiss the claims alleged against it in Plaintiff's Second Amended

---

[1] Plantiff's second claim for relief is brought against individual defendants. Those individual defendants have separately moved to dismiss the Second Amended Complaint and their motion is addressed by separate order.

Complaint pursuant to Fed. R. Civ. P. 12(b)(6). DHS contends that Plaintiff has failed to state a claim upon which relief may be granted under the GTCA because Plaintiff did not timely comply with the notice of claim and commencement of action requirements under the GTCA. DHS further seeks dismissal on grounds it is exempt from liability under the provisions of the GTCA. In addition, DHS seeks dismissal of Plaintiff's claim for "battery/excessive force" brought against it pursuant to *Bosh* on grounds Plaintiff's claim falls outside the scope of *Bosh* or, alternatively, that any claim under *Bosh* is time-barred.

This Court previously addressed the sufficiency of the allegations of the Amended Complaint as to these same two claims against DHS and granted Plaintiff leave to file a second amended complaint to address the deficiencies noted. *See* Order [Doc. No. 39]. For the reasons set forth below, the Court finds the allegations of the Second Amended Complaint fail to establish any plausible claims for relief against DHS and that dismissal of Plaintiff's claims against DHS is warranted.

## II. Standard Governing Rule 12(b)(6) Motion

To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain enough factual allegations to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). To state a plausible claim, a plaintiff has the burden to frame a "complaint with enough factual matter (taken as true) to suggest" that he is entitled to relief. *Robbins*, 519 F.3d at 1247. Although the Court must construe well-pleaded facts as true, not all allegations are "entitled to the assumption of truth," as the Court must disregard assertions in a complaint which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, and those consisting only of conclusory statements. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Twombly*, 550 U.S. at 554-555); *Kansas Penn Gaming, LLC v Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Where, as here, the movant argues that the plaintiff cannot prevail on the asserted legal theory, the question is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011). "Dismissal is appropriate if the law simply affords no relief." *Id.*

### III. Discussion

#### A. GTCA Claim – Count One of the Second Amended Complaint

Plaintiff's GTCA claim against DHS arises from his foster care placement in the home of Marc Lewis, a foster parent approved by DHS. Plaintiff alleges that he was placed in the Lewis home on or about August 1999 and was removed from that home on January 7, 2000. *See* Second Amended Complaint at p. 5 ¶ 25. It is between those dates that Plaintiff alleges he was repeatedly sexually, physically and mentally abused by Lewis. *Id.* Plaintiff alleges DHS was negligent and failed to exercise "ordinary care and reasonable prudence" in relation to Plaintiff's placement in the Lewis foster home.

Addressing the allegations of the Amended Complaint, the Court previously found:

> In this case, the Amended Complaint fails to allege any facts showing that Plaintiff complied with the GTCA notice requirements or its time limitations for asserting claims. In his response to the motion, Plaintiff does not address this argument. Dismissal is thus warranted on this basis.
>
> * * *
>
> [I]t is apparent that leave to amend is futile if Plaintiff did not file the requisite notice prior to filing suit, or if he cannot allege facts to show that the action is timely brought. Plaintiff's failure to respond to the arguments regarding these

3

> omissions suggests that he may not intend to pursue this claim. However, if he inadvertently omitted the essential allegations and is able to include them, he may assert the claim in a second amended complaint. Subject to that condition, leave to amend is authorized. Otherwise leave to amend must be denied as futile.

*See* Order [Doc. No. 39] at pp. 4, 10.

It is well-established under Oklahoma law that the GTCA is the exclusive remedy for an injured plaintiff to recover against a state governmental entity in tort. *See Tuffy's Inc. v. City of Oklahoma City*, 212 P.3d 1158, 1163 (Okla.2009). To invoke the power of a court to consider a GTCA claim, a plaintiff must satisfy two requirements: (1) timely presentation of notice of a claim within one year after the loss, *see* Okla. Stat. tit. 51, § 156(A) and (B); and (2) timely commencement of an action within 180 days of the denial of a claim, *see* Okla. Stat. tit. 51, § 157(B). Only if both of these requirements are satisfied does a court have jurisdiction to consider a GTCA claim. *See Shanbour v. Hollingsworth*, 918 P.2d 73, 75 (Okla. 1996) (compliance with the notice requirements of the GTCA "are prerequisites to the state's consent to be sued and to the exercise of judicial power to remedy the alleged tortious wrong by the government" and "judicial power is invoked by the timely filing of the governmental tort claims action pursuant to § 157"). *See also Hall v. GEO Group, Inc.*, 324 P.3d 399, 400 (Okla. 2014) ("The notice required by the GTCA is a mandatory prerequisite jurisdictional requirement to filing a claim for tort damages.") (*citing Harmon v. Cradduck*, 286 P.3d 643, 652 (Okla. 2012)).

In the Second Amended Complaint, Plaintiff now alleges he filed his tort claim pursuant to the GTCA on September 29, 2004 – more than four and one-half years after the alleged abuse last occurred. *See* Second Amended Complaint at p. 2, ¶ 13. Thus, Plaintiff's allegations establish that he did not timely satisfy the notice of claim requirement of the GTCA because he did not file his claim within one year of the date the abuse last occurred.

Ignoring this deficiency, Plaintiff further alleges that "by operation of law" the tort claim was deemed denied and that he timely commenced his civil action within 180 days of the denial of the tort claim. *See id*. Pursuant to § 157(A), "[a] claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days [.]" *Id*. Therefore, according to Plaintiff's allegations his claim was denied on or about December 28, 2004. Plaintiff then had 180 days from the denial to bring a claim, or until June 26, 2005. Plaintiff did not, however, file his action within 180 days of the denial of his claim but first filed an action on September 5, 2008.

Although Plaintiff has not satisfied the "prerequisite jurisdictional requirements" under the GTCA, Plaintiff nonetheless contends his GTCA claim can be maintained because the time period within which he was required to file a suit was extended due to his status as a minor. Plaintiff relies on Okla. Stat. tit. 12, § 96.[2] Plaintiff alleges he filed his initial case against DHS on September 5, 2008. Plaintiff contends the case was timely filed because Plaintiff did not reach the age of majority until September 5, 2007. *See* Second Amended Complaint at p. 3, ¶ 14 (Plaintiff reached eighteen years of age on September 5, 2007).[3]

---

[2]Section 96 provides in pertinent part:

> If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed . . . .

Okla. Stat. tit. 12, § 96. A minor qualifies as a person under a legal disability. *See Garrison v. Wood*, 957 P.2d 129, 130 n. 2 (Okla. Civ. App. 1997) (*citing Heston v. People's Elec. Co-op*, 824 P.2d 1137 (Okla. 1992)).

[3]In making this argument, Plaintiff actually necessarily relies on two separate tolling provisions. First, he relies on section 96 to extend the limitations period to September 5, 2008 – one year after he reached the age of majority. Although he filed his first action against DHS on September 5, 2008, the first action was dismissed without prejudice on September 4, 2009 . Plaintiff then re-filed the action on September 3, 2010, invoking the provisions of Okla. Stat. tit. 12, § 100, which allow for commencement of a new action within one year of a dismissal "otherwise than upon the merits" even though "the time limit for commencing the action shall have expired before the new action is filed." *Id*. The Court takes judicial notice of the state court dockets in Case Nos. CJ-2008-8112 and CJ-2010-7276, District Court

The Oklahoma courts have made clear, however, that "only where valid notice ha[s] been given and the claim ha[s] been timely filed," do the provisions of section 96 apply. *Hall*, 324 P.3d at 405 (*citing Cruse v. Board of County Comm'rs of Atoka County*, 910 P.2d 998 (Okla. 1995); *see also Tyler By and Through Tyler v. Board of County Comm'rs, County of Kay*, 915 P.2d 951, 952 (Okla. Civ. App. 1996). As set forth, Plaintiff has failed to establish either valid notice of the claim or timely filing of his action. Thus, dismissal of Plaintiff's GTCA claim on jurisdictional grounds is proper and it is not necessary for the Court to further address whether the GTCA exemptions cited by DHS apply.[4]

**B.**     ***Bosh* Claim – Count Three of the Second Amended Complaint**

DHS further moves for dismissal of Plaintiff's *Bosh* claim. DHS contends Plaintiff's claim "goes far beyond Bosh and seeks to assert a 'battery/excessive force' claim against [DHS] based on the criminal conduct of a third-party (Marc Lewis) who was not an employee of [DHS] (unlike the tortfeasors in Bosh who were government employees.)". *See* Brief in Support of Motion at p. 14. DHS contends it is exempt from imposition of liability against it for this type of conduct under the GTCA. *See id*. at pp. 14-15 (*citing* Okla. Stat. tit. 51, § 155(18)).[5] DHS further seeks dismissal of the *Bosh* claim as untimely.

In response, Plaintiff claims this action, like *Bosh*, involves a seizure. *See* Plaintiff's Response at p. 8 ("When the State of Oklahoma removes a child from the home of his parents and

---

of Oklahoma County, State of Oklahoma.

[4]Although DHS cites Fed. R. Civ. P. 12(b)(6) as the basis for dismissal of the GTCA claim, because the notice provision of the GTCA is a jurisdictional prerequisite, the Court finds dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.

[5]Section 155(18) exempts the state or a political subdivision from liability for "[a]n act or omission of an independent contractor or consultant . . . or of a person other than an employee of the state or political subdivision at the time the act or omission occurred[.]" Okla. Stat. tit. 51, § 155(18).

6

involuntarily places him in a foster home, there is clearly a seizure."). In support, Plaintiff cites *Yvonne L. By and Through Lewis v. New Mexico Dept. of Human Servs.* 959 F.2d 883, 891-93 (10th Cir. 1992), a case in which the court recognized a substantive due process right to protection while in foster care. Plaintiff does not respond to DHS's contention that his *Bosh* claim is untimely.

The Court previously addressed whether the allegations of the Amended Complaint were sufficient to allege a claim pursuant to *Bosh*. *See* Order [Doc. No. 39] at pp. 6-9. The Court concluded that the allegations were "inadequate to state a plausible claim for relief against DHS based on *Bosh*" and granted dismissal of the claim. *See id* at p. 9. The Court, however, granted Plaintiff leave to amend noting that it had "doubts regarding the viability of Plaintiff's *Bosh* claim in the context of this case" but that it could not "state with certainty that amending the claim would be futile." *Id*. at p. 10.[6]

A review of the allegations of the Second Amended Complaint as to Plaintiff's third claim for relief against DHS pursuant to *Bosh* demonstrates that those allegations are *identical* to the allegations of the Amended Complaint. Thus, although Plaintiff was granted leave to allege additional facts, he did not do so, instead choosing to stand on the same allegations as those asserted in the Amended Complaint. Therefore, for the reasons set forth in the Court's prior Order,

---

[6]The Court's prior analysis referenced another action pending in this judicial district involving a claim brought pursuant to *Bosh* and relating to DHS's temporary removal of a child from his parents' custody pending proceedings to terminate their parental rights. *See Hedger v. Kramer,* No. CIV-13-0654-HE, 2013 WL 5873348 (W.D. Okla. Oct. 30, 2013) (unpublished op.). In *Hedger*, the court determined that the plaintiffs had not stated a plausible claim for relief under *Bosh*, but, as in this case, granted the plaintiffs leave to file an amended complaint. After the plaintiffs amended their complaint, the court determined the *Bosh* claim against DHS would be dismissed with prejudice. *See Hedger v. Kramer*, No. CIV-13-0654-HE, 2014 WL 1645792 at **3,5 (W.D. Okla. April 24, 2014) (unpublished op.). The court reiterated that "*Bosh* should be narrowly interpreted and applied only to excessive force claims, which have not been asserted here." In this regard, the court noted that the plaintiffs had not alleged any facts showing the force "actually used in the removal of S.H. from his parents' custody" and that "[t]he vague reference to 'excessive force' is not sufficient to bring plaintiffs' state constitutional claim within the scope of *Bosh*, as that case has been interpreted by this court." *Id*.

Plaintiff's *Bosh* claim is dismissed for failure to state a plausible claim for relief.[7]

**IV.     Conclusion**

Plaintiff's allegations as set forth in the Second Amended Complaint demonstrate that he did not timely comply with the notice of claim and commencement of action requirements of the GTCA. Consequently, this Court lacks jurisdiction over Plaintiff's GTCA claim against DHS. In addition, Plaintiff's claim against DHS alleging excessive force/battery pursuant to *Bosh* fails to state a plausible claim upon which relief can be granted.

IT IS THEREFORE ORDERED that the Motion to Dismiss Second Amended Complaint of Defendant Oklahoma Department of Human Services [Doc. Nos. 54-55] is GRANTED and Plaintiff's Second Amended Complaint is DISMISSED against Defendant DHS pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

IT IS SO ORDERED this 13th day of November, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[7] Based on the stated ground for dismissal, the Court does not address whether the *Bosh* claim is also barred as untimely pursuant to the applicable limitations period.