# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY MARVIN BISHOP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-171-D |
| | ) | |
| STATE OF OKLAHOMA ex rel. | ) | |
| DEPARTMENT OF HUMAN | ) | |
| SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Timothy Marvin Bishop (Bishop) brings this action against the Oklahoma Department of Human Services (OKDHS) and several OKDHS workers for abuse he suffered at the hands of the foster parent selected for him by OKDHS. Defendant Kristen Kyle-Moon (Kyle-Moon) was the child welfare worker assigned to monitor Bishop's foster home. Bishop alleges Kyle-Moon failed to investigate prior allegations of abuse by his foster parent, Marc Lewis, failed to properly supervise Bishop's placement in the home, and failed to provide proper care and treatment alternatives. Bishop also alleges another OKDHS employee, Defendant Robyn Singleton Szuba, failed to adequately investigate allegations of sexual abuse by Lewis. Bishop's claims arise under 42 U.S.C. § 1983, the Oklahoma Constitution, and the common law.

Before the Court is Defendant Kyle-Moon's Motion for Summary Judgment [Doc. No. 140]. She contends that (1) she is entitled to judgment as a matter of law on Bishop's § 1983 claim and (2) she is entitled to qualified immunity in her individual capacity. Bishop has filed his response in opposition [Doc. No. 149], to which Kyle-Moon has replied [Doc. No. 152].[1] The matter is fully briefed and at issue.

## BACKGROUND

Unless otherwise stated, the following material facts are undisputed, and, along with all reasonable inferences, are viewed in the light most favorable to Bishop. *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306 (10th Cir. 2017).

OKDHS was created for the purpose of "administering and carrying into execution" all laws enacted by the Oklahoma Legislature pursuant to § 1 of Article XXV of the Oklahoma Constitution. OKDHS is also required to "perform such other duties as may from time to time be prescribed by law." At the time of the events alleged in this case, these "other duties" included the duties to investigate reports of suspected child abuse and neglect, and to place children in foster care under certain circumstances. Kyle-Moon was employed by OKDHS as a child welfare social worker beginning in 1999 and at all times relevant to this case.

---

[1] Szuba has filed a separate motion for summary judgment [Doc. No. 141], which will be addressed in a separate order.

In 1997, Bishop (then known as Antonio Combs) was placed in the custody of OKDHS when he was seven years old. In August of 1999, OKDHS placed Bishop in a foster home operated by Marc Lewis, who was under contract to OKDHS. While in the custody of OKDHS and in the Lewis foster home, Bishop was sexually molested by Lewis between August 1999 and January 2000, when he was permanently removed from the Lewis foster home by OKDHS. During the time the Plaintiff was placed in the Lewis foster home, Defendant Kyle-Moon served as his child welfare caseworker and visited him several times in the Lewis foster home on a monthly basis as part of her job duties for OKDHS.

Kyle-Moon agrees it was her duty to gather accurate information about Bishop while he was under Lewis' care. However, there exists a dispute as to whether Bishop told Kyle-Moon he was being molested during her meetings with him. Kyle-Moon states she was unaware of any abuse occurring in the Lewis home. *See* Depo. of Kristen Kyle-Moon at 41:6-8; 60:6-8 [Doc. No. 145-1]. Conversely, Bishop contends he told Kyle-Moon he was being abused, but she did not believe him. Depo. of Timothy Bishop at 107:5-25 – 108:1-8 [Doc. No. 149-2]. OKDHS's investigation of Lewis resulted in him being convicted of several counts of first-degree rape, forcible oral sodomy, and indecent or lewd acts with a child under sixteen. He was sentenced to four life sentences plus 390 years, to be served consecutively.

## STANDARD OF DECISION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Universal Underwriters Ins. Co. v. Winton*, 818 F.3d 1103, 1105 (10th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)). The movant may make such a showing through the pleadings, depositions, other discovery materials, and affidavits. *Water Pik, Inc. v. Med-Systems, Inc.*, 726 F.3d 1136, 1142 (10th Cir. 2013). At the summary judgment stage, the Court views all of the facts in the light most favorable to the non-movant and draws all reasonable inferences from the record in favor of the non-moving party. *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).

Although the nonmoving party is entitled to all reasonable inferences from the record, the nonmovant must still identify sufficient evidence requiring submission to the jury in order to survive summary judgment. *Piercy v. Maketa*, 480 F.3d 1192, 1197 (10th Cir. 2007). Thus, if the nonmovant bears the burden of persuasion on a claim at trial, summary judgment may be warranted if the movant points out a lack of evidence to support an essential element of that claim and the nonmovant cannot identify specific facts that would create a genuine issue. *Water Pik*, 726 F.3d at 1143-44. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and "[a]n issue of fact is 'material'

if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

## DISCUSSION

### I

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV. In this regard, § 1983 creates a private right of action against any person who, under color of state law, deprives another individual of any rights, privileges or immunities secured by the Constitution and laws. *Ripley v. Wyoming Med. Ctr., Inc.*, 559 F.3d 1119, 1122-23 (10th Cir. 2009). To establish a claim for individual liability under § 1983, a plaintiff must show the defendant personally participated in the alleged constitutional violation. *Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997).

"Generally, state actors are only liable for their own acts, not for acts of private violence." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)). However, there are two exceptions to this general principle: (1) the "special relationship" doctrine and (2) the "state-created danger" theory. *Id.* (citing *Liebson v. N.M. Corr. Dep't*, 73 F.3d 274, 276 (10th Cir. 1996). "The special relationship doctrine applies 'when the state assumes control over an individual sufficient to trigger an affirmative duty to

5

provide protection to that individual.'" *Schwartz*, 702 F.3d at 579 (citing *J.W. v. Utah*, 647 F.3d 1006, 1011 (10th Cir. 2011)).[2] "Broadly, the state-created danger theory applies when the State creates or increases a harm of private violence to an individual." *Id.* at 579-80 (citing *Armijo ex rel. Chavez v. Wagon Mound Pub. Sch.*, 159 F.3d 1253, 1262-63 (10th Cir. 1998)). Only the special relationship doctrine is relevant to this case.

"The special relationship triggers a continuing duty which is subsequently violated if a state official 'knew of the asserted danger to [a foster child] or failed to exercise professional judgment with respect thereto, ... and if an affirmative link to the injuries [the child] suffered can be shown.'" *Schwartz*, 702 F.3d at 580 (citing *Yvonne L. ex rel. Lewis v. N.M. Dep't of Human Servs.*, 959 F.2d 883, 890 (10th Cir. 1992) (paraphrasing in original)). Having reviewed the parties' submissions, the Court finds there are genuine issues of material fact with respect to Bishop's § 1983 claim against Kyle-Moon. Bishop has alleged facts disputing Kyle-Moon's claim that Bishop did not inform her that he was being abused and she was consequently unaware of any abuse occurring in the Lewis foster home. Bishop's contentions and allegations implicate the reasonableness of Kyle-Moon's conduct, as well as her

---

[2] "In the Tenth Circuit, the classic examples are prisoners, individuals committed against their will to mental institutions, and individuals in state run foster care." *DeAnzona v. City and County of Denver*, 222 F.3d 1229, 1234 (10th Cir. 2000) (citing *Maldonado v. Josey*, 975 F.2d 727, 732–33 (10th Cir. 1992)); *see also Yvonne L. ex rel. Lewis v. N.M. Dep't of Human Services*, 959 F.2d 883 (10th Cir. 1992).

relevant state of mind. These issues are generally fact-intensive and fall within the province of a trier of fact. Therefore, the Court denies Kyle-Moon's Motion on this issue.

## II

Kyle-Moon contends that even if she is not entitled to summary judgment on Bishop's § 1983 claim, she is entitled to qualified immunity. Qualified immunity protects governmental officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This doctrine balances "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

The Court must undergo a two-step process to determine whether qualified immunity protection will be available to a defendant. The first step is to evaluate whether a constitutional right has been violated. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). The second step is whether the right was clearly established at the time of the conduct at issue. *Id*. "A plaintiff can demonstrate that a constitutional right is clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits." *Id*. (citing

*Anderson v. Blake*, 469 F.3d 910, 914 (10th Cir. 2006)). In sum, "if the law did not put the [defendant] on notice that [her] conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986) (holding qualified immunity protects all but the plainly incompetent or those who knowingly violate the law)).

The constitutional right implicated is the fundamental right of physical safety that was violated by the physical and emotional abuse at the hands of Lewis. The Court has found that, on this issue, genuine issues of material fact preclude summary judgment in Kyle-Moon's favor. With respect to the second step of the inquiry, it is undisputed Bishop was molested by Lewis between August 1999 and January 2000. In 1992, the Tenth Circuit decided in *Yvonne L.* that foster children have a clearly established substantive due process right to "protection while in foster care." 959 F.2d at 892-93. *Yvonne L.* "clearly alerted persons in the positions of [Kyle-Moon] that children in the custody of a state had a constitutional right to be reasonably safe from harm; and that if the persons responsible place children in a foster home or institution that they know or suspect to be dangerous to the children they incur liability if the harm occurs." *Id*. at 893. Nevertheless, as the Court has found genuine issues of material fact exist as to whether a constitutional violation occurred, it

likewise finds Kyle-Moon is not entitled to qualified immunity and her motion for summary judgment is denied on this issue as well.

## CONCLUSION

Defendant Kristen Kyle-Moon's Motion for Summary Judgment [Doc. No. 140] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 8th day of May 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE